IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

TOMMY L. SCOTT,

    Plaintiff,

vs.                                              Case No.:

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, TOMMY L. SCOTT, by and through his undersigned counsel and sues the Defendant, PUBLIX SUPER MARKET, INC., a Florida Profit Corporation, and states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

2.    Venue lies within Polk County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3.    Plaintiff, TOMMY L. SCOTT, resides in Pasco County, Florida.

4.    Defendant, PUBLIX SUPER MARKETS, INC., is a Florida Profit Corporation, authorized and doing business in this Judicial District.

### FACTUAL ALLEGATIONS

5.    Plaintiff, TOMMY L. SCOTT, began his employment with Defendant on or around February 19, 2007 as a Warehouse Selector.

1

6. On or about May 13, 2012, Mr. Scott's son was born.

7. Mr. Scott's son was born with health complications which caused him to remain in the hospital for approximately thirty (30) days following his birth.

8. In 2012, Mr. Scott's son was diagnosed with Crohn's Disease and other health conditions.

9. Due to his son's ongoing health care needs, Mr. Scott applied for and was granted Family Medical Leave Act leave on an intermittent basis.

10. From 2007 to 2015, Mr. Scott utilized Family Medical Leave Act leave to care for his son's serious health condition.

11. On or about May 9, 2015, Mr. Scott was counseled for exceeding the attendance guidelines for time away from work which included two instances that he was absent to provide care to his son.

12. Mr. Scott suffered from lower back pain for years prior to 2015.

13. In or around late November 2015, Mr. Scott developed back pain in his lower back causing him to receive treatment from his physician who prescribed medication and requested Mr. Scott to cease work for approximately two (2) weeks.

14. Mr. Scott requested Family Medical Leave Act leave due to his serious health condition – chronic lower back pain; however, his request was denied.

15. After approximately two (2) weeks, Mr. Scott returned to work.

16. On or about December 23, 2015, Publix terminated Mr. Scott.

17. Due to Mr. Scott's termination two (2) days before Christmas, he was forced to liquidate his Publix stock.

18. In or around March of 2016, Publix rehired Mr. Scott and then terminated him for the second time within approximately two (2) weeks allegedly because he sold his Publix stock following his first termination.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

19. Plaintiff, TOMMY L. SCOTT, re-alleges and adopts the allegations stated in Paragraphs one (1) through eighteen (18).

20. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's lawful exercise of his rights under the Family Medical Leave Act ("FMLA").

21. Defendant's actions constitute violations of the FMLA.

22. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, TOMMY L. SCOTT, prays for the following damages against Defendant, PUBLIX SUPER MARKETS, INC.:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive and/or equitable relief;

    f. Costs and attorneys' fees;

    g. Reinstatement;

    h. For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT – RETALIATION

23. Plaintiff, TOMMY L. SCOTT, re-alleges and adopts the allegations stated in Paragraphs one (1) through eighteen (18).

24. Defendant discriminated against Plaintiff by retaliating against him for asserting his rights under the FMLA. Specifically, Plaintiff was terminated after exercising his FMLA rights.

25. Defendant's actions constitute a violation of the FMLA.

26. As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, TOMMY L. SCOTT, prays the Court for an award of:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive and/or equitable relief;

    f. Costs and attorneys' fees;

    g. Reinstatement;

    h. For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff, TOMMY L. SCOTT, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, PUBLIX SUPER MARKETS, INC., for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT III
## (DISCRIMINATION BASED ON DISABILITY
## PURSUANT TO FLORIDA STATUTES CHAPTER 760)

27. Plaintiff, TOMMY L. SCOTT, re-alleges and adopts the allegations stated in Paragraphs one (1) through eighteen (18).

28. Plaintiff timely filed a charge of discrimination.

29. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA").

30. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

31. Plaintiff is an individual with a disability within the meaning of the Florida Civil Rights Act.

32. Plaintiff is also an individual with a disability within the meaning of the FCRA because of his record of impairment or Defendant regarding or perceiving him as having an impairment.

33 Plaintiff is a qualified individual with a disability within the meaning of the FCRA because Plaintiff, with or without a reasonable accommodation, can perform the essential functions of his job as a Warehouse Selector.

34. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because the Defendant regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the FCRA.

35. The above described acts of disability discrimination constitute a violation of Chapter 760, Florida Statutes for which Defendant is liable.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has

2017CA-000818-0000-00        Received in Polk 03/08/2017 11:04 AM

suffered damages.

WHEREFORE, Plaintiff, TOMMY L. SCOTT, prays the Court for:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and future benefits;

d. Compensatory damages for emotional damages;

e. Other non-pecuniary damages;

f. Reinstatement;

g. Attorneys' fees and costs;

h. Punitive damages;

i. For such other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

37. Plaintiff requests a jury trial on all issues so triable.

Dated this 8th day of March, 2017.

**FLORIN ROEBIG, P.A.**
/s/ Christopher D. Gray, Esquire
**CHRISTOPHER D. GRAY, ESQUIRE**
FL Bar No.: 902004
Primary:   CDG@florinroebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:   WMF@florinroebig.com
**ROBIN M. OROSZ, ESQUIRE**
FL Bar No.:  724769
Primary:   rorosz@florinroebig.com
Secondary: LABOR_efiling@florinroebig.com
           glw@florinroebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff